Charles A. SILVERMAN and Ulku Silverman, Plaintiffs,

v.

William P. ROGERS et al., Defendants.

Civ. A. No. 70–191.

United States District Court, D. Massachusetts.

Feb. 25, 1970.

Herbert S. Swartz, Brookline, Mass., for plaintiffs.

Herbert F. Travers, Jr., U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION AND TO DISMISS AND FOR SUMMARY JUDGMENT

GARRITY, District Judge.

This is an action by a Massachusetts resident and his alien wife to review a denial by the Attorney General of the United States and his authorized agents of plaintiffs' application under 8 U.S.C. § 1182(e) for a waiver of the foreign residence requirement of that subsection of the statute. Plaintiffs seek a judgment instructing the defendants to issue the waiver. They have moved for a preliminary injunction to enjoin commencement of deportation proceedings against Mrs. Silverman. Defendants have responded with a motion to dismiss the complaint or in the alternative for summary judgment. The parties have filed memoranda of law. At a hearing on the motions the court received in evidence a certified copy of the entire applicable administrative proceedings. Also the parties stipulated, with immaterial modifications, that the facts alleged in the defendants' memorandum are true.[1]

Plaintiff Mrs. Silverman is a citizen of Turkey and came to the United States as an exchange visitor in 1964 to study and train in psychiatric nursing. This was to enable her to qualify as an instructor at a school of nursing in Turkey. Her travel and education have been financed by the United States Agency for International Development. She was scheduled originally to spend one year in America, but a number of extensions were granted in order that she might further her studies and training. On March 9, 1969 she married plaintiff Mr. Silverman, who is a United States citizen. On April 24, 1969, Mrs. Silverman applied for a waiver of the foreign residence requirement of Section 212(e) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1182(e), on the ground that her compliance would impose exceptional hardship on Mr. Silverman, who suffers from various medical ailments. The Commissioner of Immigration and Naturalization, acting through District Director Hamilton, determined on April 28, 1969 that compliance would impose exceptional hardship upon Mr. Silverman. On that day defendant Hamilton forwarded Mrs. Silverman's application to the Department of State with a covering letter whose concluding paragraph was:

"In view of the foregoing, it has been determined that compliance with the foreign residence requirement of Section 212(e), supra, would impose exceptional hardship upon Mrs. Silverman's United States citizen husband. It is therefore requested that the Secretary of State recommend whether the waiver should be granted."

On October 29, 1969 the appropriate official in the Department of State replied by letter stating in part that in view of extended discussions with the Agency for International Development and the Turkish Government and other factors, "the Department of State recommends that Mrs. Silverman not be granted a waiver of the two year foreign residence requirement." District Director Hamil-

---

1. These appear on the first four and a fraction pages of the defendants' memorandum under the heading "Facts" and in the complete paragraph at the bottom half of page 10.

ton wrote to Mrs. Silverman by letter dated December 11, 1969 reciting the information obtained from the Department of State and stating,

> "In view of all these factors, the Department of State has recommended that you not be granted a waiver of the two-year foreign residence requirement. Your application has therefore been denied. No appeal lies from this decision as a favorable recommendation from the Secretary of States was not received [8 CFR 212.-7(c)]."

This action was commenced January 30, 1970.

The pertinent section of the statute, 8 U.S.C. § 1182(e), was added in 1961 by Pub.L. 87–256, 1961, U.S.Code Cong. and Admin.News, pp. 598, 606, and provides as follows:

> (e) No person admitted under section 1101(a) (15) (J) of this title or acquiring such status after admission shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 1101(a) (15) (H) of this title until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States: Provided, That such residence in another foreign country shall be considered to have satisfied the requirements of this subsection if the Secretary of State determines that it has served the purpose and the intent of the Mutual Educational and Cultural Exchange Act of 1961: Provided further, That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commission of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child

(if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest: And provided further, That the provisions of this subchapter shall apply also to those persons who acquired exchange visitor status under the United States Information and Educational Exchange Act of 1948, as amended.

Regulations implementing this section appear at 8 C.F.R. § 212.7(c) and 22 C.F.R. § 63.6(a), (e) and (f) and § 63.7.

■■ The first issue is whether the court has jurisdiction. We believe that it does under 5 U.S.C. §§ 701–706. Cf. Rusk v. Cort, 1962, 369 U.S. 367, 82 S. Ct. 787, 7 L.Ed.2d 809. Plaintiffs allege that the Attorney General has failed to exercise the discretion granted to him in accordance with the statute. The restriction on judicial review of agency action committed to agency discretion by law does not mean that the right to judicial review does not exist to determine whether or not discretion has been exercised. See United States ex rel. Adel v. Shaughnessy, 2 Cir., 1950, 183 F.2d 371, 372, and cases cited in n. 3. Deportation proceedings under § 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b), have not as yet been instituted and the remedy in the Court of Appeals afforded by § 106(a) of the Act, 8 U.S.C. § 1105a(a), is unavailing. Therefore plaintiffs' remedies lie in an action in this court. Cheng Fan Kwok v. Immigration and Naturalization Service, 1968, 392 U.S. 206, 210, 217, 88 S.Ct. 1970, 20 L.Ed.2d 1037; Immigration and Naturalization Service v. Stanisic, 1969, 395 U.S. 62, 68 n. 6, 89 S.Ct. 1519, 23 L.Ed.2d 101; Butterfield v. Immigration and Naturalization Service, 1969, 133 U.S.App.D.C. 135, 409 F.2d 170, 174.

An examination of the complete administrative file leaves no doubt that

after having determined that Mrs. Silverman's departure from the United States would impose exceptional hardship upon Mr. Silverman, District Director Hamilton considered that a favorable recommendation of the Secretary of State was a prerequisite to granting of the waiver and that refusal of the waiver was automatic in view of his not having received a favorable recommendation from the Secretary of State. The same understanding was stated explicitly by another district director in Matter of Tran, Interim Decision No. 1526, 1965, 11 I.N. 53. Neither the Attorney General nor his authorized agent has made an independent determination in the instant case whether waiver would be in the public interest.

■ The court construes the statute to provide that decision by the Attorney General whether to waive the foreign residence requirement may be based either upon the favorable recommendation of the Secretary of State or upon that of the Commissioner after a determination of exceptional hardship. This construction seems to be required by the plain language of the second proviso of § 1182(e), especially the punctuation and the word "of" as underlined in the following excerpt, "That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government Agency, or of the Commissioner of Immigration and Naturalization after he has * * *." The Immigration Regulations, 8 C.F.R. § 212.7(c), are consistent with the court's opinion inasmuch as they make no reference to consulting the Secretary of State after a determination of exceptional hardship. This interpretation of the statute also guards the interest obviously underlying the particular proviso, to wit, protection of a United States citizen against exceptional hardship, which interest ordinarily conflicts with considerations of foreign policy of prime concern to the Secretary of State.

The court is aware that its interpretation is at odds with regulations implementing the exchange-visitor program, 22 C.F.R. §§ 63.6 and 63.7. It may be noted, however, that there is a significant variation in the language of § 63.-6(a) from that of the statute: that subsection of the regulations omits the word "of" which has been emphasized by the court. The relevant sentence in the regulations reads, "It further provides that upon the favorable recommendation of the Secretary, pursuant to the request of an interested United States Government Agency, or the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship * * *." The court considers that this provision of the regulations does not carry out the intent of the statute.

■ The court does not rule that the Attorney General may not in his discretion solicit the recommendation of the Secretary of State. Cf. Secretary of Defense v. Bong, 1969, 133 U.S.App.D.C. 264, 410 F.2d 252, 255. In determining whether waiver in the case of a particular alien would be in the public interest, the Attorney General has broad discretion and may balance the exceptional hardship of a United States citizen against all other factors which he reasonably considers to affect the public interest. What the court here holds on the motion for preliminary relief is that favorable recommendation of the Secretary of State is not a prerequisite to waiver by the Attorney General and may not properly be treated as such.[2]

Accordingly, the court denies the defendants' motion to dismiss and for summary judgment. It finds that the plaintiffs have shown a likelihood of

---

2. Before final disposition of this case the parties are invited to research the legislative history of the statute to a greater extent than has been done thus far. The court's research to date has been restricted mainly to U.S. Code Congressional and Administrative News and has produced nothing significant on the precise issue herein discussed.

prevailing on the merits and that plaintiffs may well be irreparably harmed if deportation proceedings are instituted against plaintiff Mrs. Silverman before final disposition of these proceedings. The contentions made by plaintiffs in this case may not be advanced upon a review of deportation proceedings. "* * * Congress quite deliberately restricted the application of § 106(a) to orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves." Cheng Fan Kwok v. Immigration and Naturalization Service, *supra*, 392 U.S. at 215, 88 S.Ct. at 1975–1976. No damage will be caused defendants by allowance of plaintiffs' motion for a preliminary injunction. At the hearing, neither party spoke to the requirement of security under Rule 65(c), Fed.R.Civ.P. The court will make no order for security unless defendants move for one.

An appropriate preliminary injunction will issue.

### PRELIMINARY INJUNCTION

Upon plaintiffs' motion and after hearing and consideration of memoranda of law filed by the parties and on the basis of the findings of fact and conclusions of law stated in the court's separate memorandum filed herewith, it is

Ordered, adjudged and decreed that defendants William P. Rogers, as he is the duly appointed Secretary of State for the United States of America, John N. Mitchell, as he is the duly appointed Attorney General for the United States of America, Raymond S. Farrell, as he is the duly appointed Commissioner of Immigration and Naturalization for the United States of America, all three of Washington, D. C., and J. A. Hamilton, Jr., as he is the duly appointed District Director of the United States Department of Justice, Immigration and Naturalization Service, Boston, Massachusetts, their agents and attorneys and all persons in participation with them who receive actual notice of this order are hereby enjoined during the pendency of these proceedings from instituting de-

portation proceedings against plaintiff Ulku Gurkan Silverman until after the Attorney General shall have reconsidered and found anew whether waiver of the foreign residence requirement under 8 U.S.C. § 1182(e) in the case of plaintiff Ulku Gurkan Silverman is in the public interest.