**Sonde N. NWANKPA, Plaintiff,**

**v.**

**Henry A. KISSINGER et al.,
Defendants.**

**Civ. A. No. 74–10–E.**

United States District Court,
M. D. Alabama, E. D.

May 17, 1974.

---

Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

VARNER, District Judge.

This cause is submitted on the complaint for injunction, declaratory judgment, mandamus and judicial review of one Sonde N. Nwankpa and upon motion for summary judgment filed by the Defendants.

■ It is alleged that the Court has original jurisdiction of this action under 28 U.S.C.A. § 1361, the Declaratory Judgment Act, 28 U.S.C.A. § 2201, and the Administrative Procedure Act, 5 U.S.C.A. § 701 et seq. Section 1361 effectively gives jurisdiction to this Court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 2201 provides that this Court may declare the rights and other legal relations of any interested party entitled to a declaratory judgment. Sections 701 et seq., provide, in pertinent part, for review of administrative proceedings, but such review is limited by the provision that "(a) this Chapter applies, according to the provisions thereof, except to the extent that—* * * (2) agency action is committed to agency discretion by law." It, therefore, appears to this Court that this Court has jurisdiction only if the Defendants, or one of them have an affirmative duty owed to Plaintiff and if there is no agency discretion involved.

The Plaintiff was a native of Biafra, now a part of the Republic of Nigeria. His wife and two older children are also natives of that country, but his third child, a daughter, is a natural-born citizen of the United States. It appears from the complaint that the Plaintiff and his wife have adapted will to life in the United States, have actively participated in the educational, civic and social work in this country and have made valuable contributions to the communities in which they have lived. The Plaintiff

Daniel H. Markstein, III, Markstein & Morris, Birmingham, Ala., for plaintiff.

was originally in this country on an Exchange Visitor Program No. G–I–1, and in 1965, he was transferred to a classification under the Exchange Visitor Program No. P–I–655. His authorization to remain in the United States as a student was extended on several occasions, and on November 5, 1970, his petition for a sixth preference immigrant status was approved.

Congress provided by statute, 8 U.S. C.A. § 1182(e), that persons such as Plaintiff, enjoying the privileges accorded the Plaintiff under the exchange program under the Immigration and Naturalization Act must return to their native land for a two-year residential period before seeking to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under § 1101(a)(15)(H) or § 1101(a)(15)(L) of Title 8 or that such two-year residential requirements might be waived under certain circumstances. Unless Plaintiff is legally entitled to a waiver under § 1182(e), he must return to Nigeria for two years residence before re-entry to this country.

The first question here in consideration is whether or not those circumstances required under § 1182(e) have been met so as to require action by the officials involved in the suit.

It appears to this Court that there are two distinct possibilities of a waiver contemplated by said Subsection (e). The last six lines of said subsection provide that, upon the favorable recommendation of the Secretary of State and when the foreign country of the alien's nationality has furnished the Secretary of State a statement in writing that it has no objection to such waiver, the Attorney General has a discretion to waive the two-year foreign residence requirement. The Plaintiff does not contend that he falls within this provision.

The other proviso, set out in the next preceding 12 lines of said Subsection (e), provide a discretion in the Attorney General to waive such two-year residential requirements if the following conditions co-exist:

1. A favorable recommendation of the Secretary of State.

2. That such recommendation be made pursuant to the request of an interested United States governmental agency, including the Commissioner of Immigration and Naturalization, if he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (who must be a citizen or lawfully resident alien), or that the alien cannot return to the country of his nationality or last residence because he would be subject to persecution on account of race, religion or political opinion.

3. That the admission of said alien is found by the Attorney General to be in the public interest.

■■ In the opinion of this Court, the Attorney General had no discretion in this matter. While the Commissioner of Immigration and Naturalization, after several contrary rulings and much consideration, found the exceptional hardship on the alien's child who is a citizen of the United States, the Secretary of State has made no recommendation that the two-year residential requirement be waived, and the Attorney General has made no finding that the admission is in the public interest. The Attorney General has no discretion to grant the waiver unless these matters co-exist. The question then is whether the Attorney General has a duty to find the admission of the Plaintiff to be in the public interest and whether the Secretary of State has a duty to favorably recommend the waiver. This Court is of the opinion that neither official had such an affirmative duty. See Silverman v. Rogers, 437 F.2d 102 (CCA 1), reversing Silverman v. Rogers, D.C., 309 F.Supp. 570. Whether the "favorable recommendation" must come from the Secretary of State or whether it

may come either from the Secretary of State or from the Commissioner of Immigration and Naturalization, the Attorney General in this case has made no finding that the admission of the alien would be "in the public interest" as required by the statute, § 1182(e).

This Plaintiff was admitted to the United States or allowed to remain herein on an educational exchange program contemplated to encourage international understanding and peace. It is important to the foreign policy of this country, as well as to the foreign policy of other countries, and is in the interests of international peace, that these persons coming into the United States on exchange programs to learn our customs and attitude toward foreign nations return to their native countries in the hope that they will spread good will. Matters of international relationships are and must be highly confidential and Congress has indicated its reluctance to apply a lenient waiver policy in such cases.[1] In the opinion of this Court, not only the Secretary of State, but also the Attorney General, has the veto power over such a waiver and is granted a discretion thereunto pertaining by the statute. In this Court's opinion, Congress, therefore, wisely gave limited power for judicial review of the discretionary functions of the Attorney General and the Secretary of State, and this case does not, in the opinion of this Court, fall within the judicial review power as limited by 5 U.S.C. § 701(a)(2). There is no material issue of fact or law remaining to be decided.

Accordingly, summary judgment should issue for the Defendants and costs should be taxed against the Plaintiff.

---

[1]. As quoted in Silverman v. Rogers, supra, 437 F.2d at 106, the judiciary subcommittee stated: "It is believed to be detrimental to the purposes of the program and to the national interests of the countries concerned to apply a lenient policy in the adjudication of waivers including cases where marriage occurring in the United States, or the birth of a child or children, is used to support the contention that the exchange alien's departure from this country would cause personal hardship." H.R.Rep.No.721, 87th Congress, 1st Session, 121 (1961).