**Samuel A. DINA, Plaintiff,**

v.

**ATTORNEY GENERAL OF the UNITED STATES and Director, United States Information Agency, Defendants.**

No. 85–CV–100.

United States District Court,
N.D. New York.

Aug. 27, 1985.

Ronald W. Freeman, New York City, for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., Carol B. Epstein, U.S. Information Agency, Washington, D.C., James W. Gable, Dist. Counsel, I.N.S., Buffalo, N.Y., for defendants; Craig A. Benedict, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Presently before the court are cross motions for summary judgment by defendant the Attorney General of the United States and plaintiff. For the reasons discussed below, the court denies plaintiff's motion, grants the Attorney General's motion, and dismisses the complaint against both defendants.

## BACKGROUND

Plaintiff is a citizen of Nigeria who entered the United States in September, 1978, as a nonimmigrant, exchange visitor on a J–1 visa. He came to this country to pursue an education but never completed his studies. In October 1981, he married a United States citizen. They had a child in September 1983. Plaintiff presently resides with his wife and son in Syracuse, New York.

Plaintiff must return to his native country and reside there for 2 years before he can apply for permanent residency in the United States unless he can obtain a waiver from the Attorney General. 8 U.S.C. § 1182(e). A waiver will only be granted if plaintiff's deportation "would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien)" or if plaintiff would be "subject to persecution on account of race, religion, or political opinion." *Id.;* 22 C.F.R. § 514.31 (1985).

On November 17, 1981, plaintiff applied for a waiver of the 2 year residency requirement claiming that his wife would be subject to exceptional hardship if he were required to return to Nigeria. The Immigration and Naturalization Service (INS)

found exceptional hardship, but the Attorney General[1] denied plaintiff's waiver application because the United States Information Agency (USIA) recommended against granting a waiver. After plaintiff's son was born, plaintiff moved for reconsideration of his waiver application. The matter was referred to the Agency for International Development (AID).[2] AID recommended denying plaintiff's application because the Nigerian Federal Ministry of Education, Science, and Technology's "policy is that all participants it sponsored *must* return to Nigeria upon completion. Therefore, if he (plaintiff) re-applied based on his present personal circumstances, this office would still recommend denial of his application." (Letter of Rose Miles Robinson, Director Reimbursable Training Programs, dated September 27, 1984). Based on this recommendation, the Attorney General denied plaintiff's motion for reconsideration. A deportation hearing was held, and plaintiff was ordered to leave the country by February 20, 1985.

Plaintiff commenced the present action on January 24, 1985, against the Director of USIA and the Attorney General. He seeks declaratory and injunctive relief. The government has agreed not to deport plaintiff pending the outcome of this action.

After the present action was commenced, INS unilaterally granted plaintiff's previously denied motion to reconsider his waiver denial. INS again found that plaintiff's deportation would cause his wife and child exceptional hardship and referred the matter to USIA for its recommendation. USIA recommended against granting a waiver. On the basis of USIA's unfavorable recommendation, the Attorney General affirmed his previous decision not to grant plaintiff a waiver.

On June 25, 1985, the court denied defendant USIA's motion to dismiss and held that the court has subject matter jurisdiction over the present action. Both plaintiff and the Attorney General have now moved for summary judgment.[3]

## DISCUSSION

The court's review in the present action is limited. In reviewing the immigration agencies' determination, the court may not substitute its judgment for the expertise of the named defendants. The court may only overturn defendants' determination not to grant plaintiff a waiver if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Foti v. INS*, 375 U.S. 217, 228, 84 S.Ct. 306, 313, 11 L.Ed.2d 281 (1963); *De-Leon v. INS*, 547 F.2d 142, 149 (2d Cir. 1976), *cert. denied*, 434 U.S. 841, 98 S.Ct. 137, 54 L.Ed.2d 105 (1977); *Wong Wing Hang v. INS*, 360 F.2d 715 (2d Cir.1966); *Gyan Singh Chavan v. Drysdale*, 513 F.Supp. 990, 993 (N.D.N.Y.1981). Applying this standard, the court will consider whether defendants' decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group...." *Wong Wing Hang*, 360 F.2d at 719 (quoted in *Gyan Singh Chavan*, 513 F.Supp. at 993).

Plaintiff cites numerous reasons why defendants' determination should be vacated. Among these, he contends that USIA was

---

1. 8 U.S.C. § 1182(e) provides that the Attorney General of the United States may grant a waiver of the 2 year residency requirement if he finds that the alien's admission would be in the public interest. The Attorney General has delegated his authority under 8 U.S.C. § 1182(e) to the Associate Directors and District Directors of INS. 8 C.F.R. § 103.1(f), (n) (1985). In the present action the District Director of the INS Buffalo Office, acting for the Attorney General, denied plaintiff a waiver. Plaintiff has named the Attorney General as a defendant in the present action but not the District Director. To avoid confusion, the court will refer only to the Attorney General when the court means the Attorney General acting through the INS District Director.

2. Plaintiff's studies in the United States were sponsored by AID, which is an agency of the United States, and the Nigerian Government.

3. USIA has not moved for summary judgment at this time.

not provided and did not consider all of plaintiff's hardship proof. According to plaintiff, USIA automatically rendered an unfavorable waiver recommendation based on AID's assertion that the Nigerian government wants all of its exchange students to return to Nigeria. Plaintiff also argues that USIA did not adequately state the reasons for its decision. In opposition to plaintiff's summary judgment motion, defendants have submitted the record that was before USIA and the INS District Director's affidavit.

■■■ After careful review, the court finds no abuse of discretion. USIA was given INS's entire file on plaintiff's hardship claim, including the proof that plaintiff contends was never transferred to USIA, and USIA weighed the hardship to plaintiff's wife and child against foreign policy considerations as required. In *Nwankpa v. Kissinger*, 376 F.Supp. 122, 125 (M.D. Ala.1974), *aff'd*, 506 F.2d 1054 (5th Cir. 1975), the Middle District of Alabama explained the importance of the foreign policy considerations underlying the foreign student exchange program:

> This Plaintiff was admitted to the United States or allowed to remain herein on an educational exchange program contemplated to encourage international understanding and peace. It is important to the foreign policy of this country, as well as to the foreign policy of other countries, and is in the interests of international peace, that these persons coming into the United States on exchange programs to learn our customs and attitude toward foreign nations return to their native countries in the hope that they will spread good will. Matters of international relationships are and must be highly confidential and Congress has indicated its reluctance to apply a lenient waiver policy in such cases.

*See* S.Rep. No. 1608, 84th Cong., 2d Sess., *reprinted in* 1956 U.S.Code Cong. & Ad. News 2662, 2663. The court cannot say that USIA abused its discretion in finding that these foreign policy considerations outweigh the potential hardship to plain-

tiff's family in the present case. Moreover, USIA's decision is not formal agency adjudication governed by sections 554 and 557 of the Administrative Procedure Act, 5 U.S.C. §§ 554, 557. The reasons given on Form I–613, dated March 26, 1985, are sufficient to apprise plaintiff of the reasons for USIA's recommendation. The court therefore finds that USIA's determination not to recommend a waiver in this case was not arbitrary and capricious.

Plaintiff also attacks the Attorney General's decision not to grant a waiver. 8 U.S.C. § 1182(e) provides:

> That upon the favorable recommendation of the Director of the United States Information Agency, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child ... the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest.

Plaintiff contends that the Attorney General may grant a waiver if *either* INS finds exceptional hardship and recommends a waiver *or* USIA recommends a waiver. According to plaintiff, the statutory language is clear, and he points to the language ", or of" after "agency" (lines 4 and 5) as support. Defendants contend that the Attorney General may not grant a waiver unless *both* INS finds exceptional hardship *and* USIA recommends a waiver. If defendants are correct, the Attorney General had no power to grant plaintiff a waiver without USIA's favorable recommendation.

■■■ Contrary to plaintiff's assertion, 8 U.S.C. § 1182(e) is not clear on its face. The court must therefore consider the legislative history and court decisions interpreting this section to determine Congress' intent. The First Circuit considered the present issue in *Silverman v. Rogers*, 437

F.2d 102 (1st Cir.1970), *cert. denied*, 402 U.S. 983, 91 S.Ct. 1667, 29 L.Ed.2d 149 (1971), and thoroughly analyzed the legislative history of section 1182(e).[4] This court finds the First Circuit's analysis persuasive and adopts the *Silverman* Court's interpretation of section 1182(e). Accordingly, this court finds that the Attorney General may only grant a hardship waiver under 8 U.S.C. § 1182(e) if INS recommends a waiver after finding exceptional hardship *and* the District Director of USIA recommends a waiver. Both conditions must be met.[5] *See also Nwankpa*, 376 F.Supp. at 124. In the present case USIA did not make a favorable recommendation so the Attorney General had no power to grant plaintiff a waiver. The Attorney General's denial was not an abuse of discretion.[6]

Accordingly, the court finds that defendants' decision to deny plaintiff a hardship waiver under 8 U.S.C. § 1182(e) was not arbitrary and capricious. Plaintiff's motion for summary judgment is hereby denied, and the Attorney General's motion for summary judgment is granted. Because no material issues of fact exist in the present action, the court acting sua sponte also dismisses the complaint against USIA.

IT IS SO ORDERED.

---

**4.** The language of 8 U.S.C. § 1182(e) which the First Circuit considered in *Silverman* was identical to the present language except that the Director of the United States Information Agency has been substituted for the Secretary of State in the present version.

**5.** This has also been INS's interpretation of § 1182(e) for many years. *See Matter of Tran*, 11 I & N Dec. 395 (1965). As the First Circuit noted in *Silverman*, "In the case of ambiguity it is appropriate to give weight to the view of the body entrusted to administer the act." *Silverman*, 437 F.2d at 107, *quoting Massachusetts Trustees of Eastern Gas and Fuel Associates v.*

*United States*, 312 F.2d 214, 222 (1st Cir.1963), *aff'd*, 377 U.S. 235, 84 S.Ct. 1236, 12 L.Ed.2d 268 (1964). Moreover, Congress has amended 8 U.S.C. § 1182(e) several times since the *Silverman* and *Tran* decisions but has not changed the language of the hardship waiver provision except to substitute the Director of USIA for the Secretary of State.

**6.** The court notes that even if INS and USIA give favorable recommendations, 8 U.S.C. § 1182(e) gives the Attorney General discretion to grant a waiver if he finds that a waiver would be in the public interest.