Magdy Mohammad ABDELHAMID also
known as Magdy Mohamed
Abdelhamid Ismail, Plaintiff-Appellant,

v.

David N. ILCHERT, District Director of
the United States Immigration and Nat-
uralization Service, San Francisco, Cal-
ifornia, and Charles Z. Wick, Director
of the United States Information Agen-
cy, Washington, D.C., Defendants-Ap-
pellees.

No. 83–2313.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1985.

Decided Oct. 28, 1985.

**5.** Because of our decision on the ineffective assistance challenge we need not decide whether counsel's threat to withdraw if Iaea did not plead guilty or Iaea's brother's threat to withdraw bail were "coercive" so as to render the plea invalid because it was not voluntary. However, it is clear that these acts contributed to the pressure under which Iaea was placed to plead.

David P. Berry, Berry & Appleman, San Francisco, Cal., for plaintiff-appellant.

Joseph P. Russoniello, U.S. Atty., Patrick R.S. Bupara, Larry J. Gallagher, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.

Before DUNIWAY, HALL and WIGGINS, Circuit Judges.

DUNIWAY, Circuit Judge:

## I. Background.

Abdelhamid, a citizen of Egypt, a medical doctor employed by the Egyptian Ministry of Health, entered the United States as a nonimmigrant exchange visitor on a J-1 visa under 8 U.S.C. § 1101(a)(15)(J) to pursue a masters degree in public health. He was financed by grants from the U.S. Agency for International Development (AID) and from the Government of Egypt. Before entering the United States, Abdelhamid agreed to work for the Egyptian Ministry for at least three years after completing his study in the United States.

Section 1182(e) of Title 8 U.S.C. provides that a person admitted under § 1101(a)(15)(J), as Abdelhamid was, and financed as he was, is not eligible to apply for an immigrant visa or for permanent residence "until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States: *Provided*, That upon the favorable recommendation of the Director of the United States Information Agency [USIA], pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse ... (if such spouse ... is a citizen of the United States ...) ..., the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest...."

While in the United States, Abdelhamid married a United States citizen and applied for a waiver of the § 1182(e) foreign residence requirement on hardship grounds.

Immigration and Naturalization Service District Director Ilchert, to whom the Attorney General's authority to grant waivers had been delegated, determined that "exceptional hardship would be encountered by subject's wife if he were forced to return to Egypt." Ilchert submitted this finding of hardship to USIA Director Wick for his recommendation. *See* 22 C.F.R. § 514.31(b)(Z). Wick sent Abdelhamid's

records to AID, the sponsoring agency, requesting AID to "send us your views regarding this case." After soliciting information from the Government of Egypt, AID recommended to Wick that the waiver be denied. Wick in turn recommended denial to Ilchert of INS. INS denied the waiver application.

Abdelhamid sued Ilchert and Wick in the district court, alleging jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act), the Immigration and Nationality Act, 8 U.S.C. § 1329, and Federal Question jurisdiction, 28 U.S.C. § 1331 *et seq.* The court held that it had subject matter jurisdiction to hear the case but granted defendants' motion for summary judgment against Abdelhamid, and he appeals.

## II. *Discussion.*

■ As we have seen, 8 U.S.C. § 1182(e) sets out a three step process for obtaining a waiver of the requirement that Abdelhamid return to Egypt for at least two years. First there must be a hardship determination by INS. Second there must be a favorable recommendation by USIA. Finally, the INS, acting for the Attorney General, must determine that admission of the alien to this country would be in the public interest. Each of these requirements must be met if an exchange visitor is to obtain a Section 1182(e) waiver. *See Silverman v. Rogers,* 1 Cir., 1970, 437 F.2d 102, 105–07.

This case does not involve a challenge to an INS determination that there would be no hardship. Director Ilchert found hardship. Abdelhamid's complaint against Wick and Ilchert refers only to the second and third requirements of Section 1182(e) noted above.

### A. *Wick's Failure to Make a Favorable Recommendation.*

■ Abdelhamid alleged before the district court that Wick's failure to make a favorable waiver recommendation under Section 1182(e), based upon the preliminary INS hardship determination, was arbitrary and capricious and an abuse of discretion. We hold that the district court lacked subject matter jurisdiction to review these portions of Abdelhamid's complaint.

Section 701 of the Administrative Procedure Act provides for judicial review of agency action, but there is an exception where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2). *See Citizens to Preserve Overton Park v. Volpe,* 1971, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136. In *Overton Park,* the Supreme Court emphasized that Section 701(a)(2) establishes "a very narrow exception ... applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Id.* (citing S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)).

In deciding whether agency action is required by law, we review the statute granting agency discretion in the context of a particular complaint.

Every statute ... has limits which are capable of being exceeded. Thus, even under statutes granting an official the broadest discretion, there will be some (albeit fewer), cases capable of arising under the statute which will present issues to which the court will, in the terms of the *Overton Park* test, "have law to apply." However, the test in *Overton Park* of when a reviewing court lacks jurisdiction due to the provisions of § 701(a)(2), is not whether a statute viewed in the abstract lacks law to be applied, but rather, whether *"in a given case"* there is no law to be applied. When a court is asked to review agency action in instances where considerable discretion is committed by statute to an official, the court lacks jurisdiction due to the provisions of § 701(a)(2) only when the agency action of which plaintiff complains fails to raise a legal issue which can be reviewed by the court by reference to statutory standards and legislative intent. (emphasis in original)

*Strickland v. Morton,* 9 Cir., 1975, 519 F.2d 467, 470 (footnotes omitted). *See also Rank v. Nimmo,* 9 Cir., 1982, 677 F.2d 692, 699–701; *City of Santa Clara v. Andrus,* 9 Cir., 1978, 572 F.2d 660, 666–68; *Arizona*

*Power Authority v. Morton,* 9 Cir., 1977, 549 F.2d 1231, 1239–41.

While this court will find jurisdiction to review allegations "that an agency has abused its discretion by exceeding its legal authority or by failing to comply with its own regulations, [it] has not been quick to approve review of allegations that an agency abused its discretion merely by deciding an issue, involving agency expertise, adversely to a complaining party." *Strickland, supra,* 519 F.2d at 471, quoting *Ness Investment Corp. v. United States Department of Agriculture,* 9 Cir., 1975, 512 F.2d 706, 714. Where an agency action in a given case is found to have been committed to agency discretion, federal courts have jurisdiction to review that action "when the alleged abuse of discretion involves violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions" but do not have jurisdiction to review such an action "when the alleged abuse of discretion consists only of the making of an informed judgment by the agency." *Strickland, supra,* 519 F.2d at 471, quoting *Ness, supra,* at 715.

8 U.S.C. § 1182(e) provides that "the Attorney General may waive" the two-year home-residency requirement only "upon favorable recommendation of the Director of the United States Information Agency." *See Silverman, supra,* 437 F.2d 102, construing Section 1182(e) as "giving the Secretary [of State, now USIA Director] a veto over hardship waiver applications." *Id.* at 107. *see also Nwankpa v. Kissinger,* M.D. Ala., 1974, 376 F.Supp. 122, 125; *aff'd mem.,* 5 Cir., 1975, 506 F.2d 1054.

Once the USIA Director receives an INS waiver request based on a finding of hardship, Section 1182(e) does not expressly limit his discretion in deciding whether or not to make a favorable recommendation. In the present case, Abdelhamid does not challenge the Director's determination on constitutional grounds. He fails to raise a legal issue with respect to this determination which can be reviewed by this court by reference to statutory standards or legislative intent. We note that 22 C.F.R. § 514.32 directs the USIA Director to review "the policy, program, and foreign relations aspects of the case" before transmitting a recommendation to the Attorney General; however, this regulation raises no legal issues for review. We conclude that, in the context of Abdelhamid's complaint, Wick's failure to make a favorable recommendation for a waiver under Section 1182(e) was "agency action committed to agency discretion by law." Abdelhamid's claim against Wick therefore does not fall within the judicial review power of the district court as limited by 5 U.S.C. § 701(a)(2). *See Nwankpa, supra,* 376 F.Supp. at 125.

### B. *INS Statement of Reasons.*

█ Abdelhamid's complaint alleged that INS' Ilchert abused his discretion by failing to state the reasons for the denial of his waiver application. The essence of this claim is that the INS failed to comply with its own regulations. The district court therefore properly ruled that it had subject matter jurisdiction with respect to this issue.

█ 8 C.F.R. § 212.7(c)(10) states that "[t]he applicant shall be notified of the [final Section 1182(e) waiver] decision, and if the application is denied, of the reasons therefor...." Ilchert notified Abdelhamid in a letter which states that "[t]his Service has received a recommendation from the USIA that the waiver not be granted and that the applicant should return to Egypt to fulfill the obligation he assumed when he accepted an exchange visitor's visa." No other reasons were stated to explain the waiver denial.

Its brevity notwithstanding, Ilchert's statement clearly explained that Abdelhamid's waiver application was denied because the USIA did not provide the requisite favorable recommendation under Section 1182(e). We hold that Ilchert sufficiently "notified [Abdelhamid] of the decision and the reasons therefor ...," 8 C.F.R. § 212.7(c)(10) and therefore did not abuse his discretion.

### III. *Conclusion.*

The district court did not have jurisdiction to review Abdelhamid's claim that USIA Director Wick abused his discretion in failing to make a favorable waiver recommendation under 8 U.S.C. § 1182(e). We therefore do not have jurisdiction to review Abdelhamid's similar claim on appeal. We vacate the district court's ruling that it had subject matter jurisdiction with respect to the claim against Wick, and dismiss Abdelhamid's appeal on this issue. We affirm the district court's summary judgment order as to Abdelhamid's claim against Ilchert. The district court order is

Vacated in Part and Affirmed in Part.