Ghali M. EL–OMRANI, Plaintiff,

v.

DIRECTOR, UNITED STATES INFOR-
MATION AGENCY and Lyle L. Karn,
District Director, Immigration and Nat-
uralization Service, Defendants.

Civ. A. No. 85–1450.

United States District Court,
W.D. Pennsylvania.

Jan. 9, 1986.

Robert Deasy, Pittsburgh, Pa., for plain-
tiff.

Joseph A. Blundon, Asst. Gen. Counsel,
Albert W. Schollaert, Asst. U.S. Atty.,
Pittsburgh, Pa., for defendants.

## MEMORANDUM

McCUNE, District Judge.

Plaintiff Ghali M. El-Omrani, a native
and citizen of Libya, entered the United
States on August 29, 1980, as an F–1 non-
immigrant student. *See*, 8 U.S.C.
§ 1101(a)(15)(F). Because this was an erro-
neous classification plaintiff was reclassi-
fied as a J–1 exchange student. *See*, 8
U.S.C. § 1101(a)(15)(J).

As a J–1 exchange student, plaintiff is
subject to the requirement that he return
to and reside in his native country for at
least two years before applying for an im-
migrant visa or for permanent residence.
8 U.S.C. § 1182(e).

Plaintiff filed an application with the Immigration and Naturalization Service (INS) to waive this requirement on August 6, 1984. In order for a waiver to be granted a three step procedure must be followed under § 1182(e).

First, the INS reviews the plaintiff's application and makes a determination on whether the two year residence requirement would impose exceptional hardship on the applicant's spouse or child (spouse or child must be citizens of the United States) or subject the applicant to persecution in his native country. If such a determination is made the INS must request a recommendation from the United States Information Agency (USIA) which reviews the application as it relates to foreign policy and relations. If a favorable recommendation is made the Attorney General may waive the two year residence requirement. It should be noted that the Attorney General has delegated this function to the INS Associate Commissioners and District Directors. 8 C.F.R. § 103.1(f) & (n).

In reviewing the application and plaintiff's circumstances in the instant case the INS determined that compliance with the foreign residence requirement would impose exceptional hardship on the plaintiff's spouse, who is a United States citizen, and that the plaintiff would be subject to persecution if he returned to Libya.

The INS forwarded plaintiff's application to the USIA which declined to make a favorable recommendation on February 5, 1985. The INS thereafter denied the waiver on April 8, 1985.

Plaintiff filed the present action on June 21, 1985, seeking a reversal of the decision denying the waiver as an abuse of discretion.

The defendants have moved to dismiss the action for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

The plaintiff has responded with a motion for summary judgment.

For the reasons stated below, the defendants' motions to dismiss will be granted.

## Discussion

Although plaintiff's complaint is, for the most part, directed towards the actions of the USIA, the plaintiff nevertheless seeks review of the actions of the INS as well.

■ The complaint as it pertains to the INS can, however, be dealt with rather summarily. The issue we must decide is simply whether the INS has the statutory authority to grant the waiver application where the USIA does not favorably recommend the waiver.

Section 1182(e) provides:

*That upon the favorable recommendation of the Director of the United States Information Agency,* pursuant to the request ... of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child ... or that the alien cannot return to the country of his nationality ... because he would be subject to persecution ... the Attorney General may waive the requirement of such two-year foreign residence abroad.... (emphasis added).

The plain language of the statute makes it clear that the USIA must favorably recommend waiver before the Attorney General [INS] may waive the foreign residence requirement. *Silverman v. Rogers,* 437 F.2d 102 (1st Cir.1970), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1667, 29 L.Ed.2d 149 (1971); *Nwankpa v. Kissinger,* 376 F.Supp. 122 (M.D.Ala.1974), *aff'd mem.,* 506 F.2d 1054 (5th Cir.1975).

■ Since such a recommendation was not made here the INS, acting in strict compliance with the law, was powerless to grant the waiver. The plaintiff has therefore failed to set forth a claim upon which relief can be granted. The motion to dismiss, filed by Lyle L. Karn, District Director of the INS, will therefore be granted.

In response to the plaintiff's claim of abuse of discretion against the Director of the USIA, the defendant Director sets

forth three arguments in support of his motion to dismiss for lack of subject matter jurisdiction.

1. Congress intended that no cause of action arises under 8 U.S.C. § 1182(e);

2. The decision of the Director of the USIA is totally committed to agency discretion by law within the meaning and intent of 5 U.S.C. § 701(a)(2) of the Administrative Procedure Act and thus not subject to review; and

3. Foreign policy considerations render the case inappropriate for judicial review.

With regard to defendant's second argument we note that we are not the first court to address the issue of whether waiver recommendations made by the USIA under § 1182(e) are subject to review.

Most recently the Ninth Circuit Court of Appeals had occasion to address this very same issue in *Abdelhamid v. Ilchert*, 774 F.2d 1447 (9th Cir.1985).

Factually, *Abdelhamid* is nearly identical to the instant case. The plaintiff in *Abdelhamid* was a J–1 student who married a United States citizen while here in the United States. Claiming hardship for his spouse, the plaintiff sought a waiver of the two year residence requirement. As in the present case, the INS in *Abdelhamid* found that exceptional hardship would be encountered if the plaintiff returned to his native country. The USIA, however, chose not to recommend a waiver in either case. Review was therefore sought by both plaintiffs in federal court.

In vacating the decision below, in which the district court determined that it had jurisdiction to hear the case, the court in *Abdelhamid* found that § 1182(e) does not limit the USIA Director's discretion in deciding to make a favorable or unfavorable recommendation. A reading of § 1182(e) reveals no guidelines or criteria the Director of the USIA is to follow in rendering a waiver recommendation. The language of the statute, which is written in the broadest of terms and with an absence of fixed standards, clearly reflects the understanding that the decision of the USIA on waiver recommendations is a matter left to

the discretion of the USIA after reviewing the policy, program and foreign relations aspects of the case.

Because the waiver decision is one that is committed to agency discretion by law it is thus outside the review power of the district court. 5 U.S.C. § 701(a)(2).

 Finding the reasoning of the court in *Abdelhamid* persuasive, we conclude that the plaintiff's complaint in the instant case must be dismissed for lack of subject matter jurisdiction.

We therefore need not address the defendant's remaining arguments.