**Amarajit SINGH, Plaintiff,**

**v.**

**A.D. MOYER, et al., Defendants.**

**No. 87 C 4563.**

United States District Court,
N.D. Illinois, E.D.

Nov. 24, 1987.

Stanley J. Horn, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by James G. Hoofnagle, Sp. Asst. U.S. Atty. and Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant Moyer. Carol B. Epstein, Attorney–Adviser, Office of General Counsel, U.S. Information Agency, Washington, D.C., for defendants.

## ORDER

BUA, District Judge.

Defendants' motions to dismiss are granted.

■ With respect to the claim against defendant United States Information Agency (USIA), this court lacks subject matter jurisdiction. The vast majority of courts that have analyzed 8 U.S.C. § 1182(e) have held that the statute grants complete discretion to the USIA, and that the Agency's exercise of discretion is not reviewable by the federal courts. *See, e.g., Slyper v. Attorney General,* 827 F.2d 821 (D.C.Cir. 1987); *Dina v. Attorney General,* 793 F.2d 473 (2d Cir.1986); *Abdelhamid v. Ilchert,* 774 F.2d 1447 (9th Cir.1985). The only court that found jurisdiction under the statute restricted review to the issue of whether the USIA followed its own regulations. *See Chong v. Director, USIA,* 821 F.2d 171 (3rd Cir.1987). Where the USIA has adhered to its own guidelines, as in the case at bar, no court has ever found jurisdiction to review the USIA's exercise of discretion under 8 U.S.C. § 1182(e). Lacking subject matter jurisdiction, this court grants USIA's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1).

■ In addition, plaintiff Amarjit Singh cannot maintain a claim against defendant A.D. Moyer, District Director of the Immigration and Naturalization Service (INS). The courts have unanimously held that the INS cannot grant a waiver of the two-year foreign residence requirement unless the USIA recommends a waiver. See, e.g., *Silverman v. Rogers,* 437 F.2d 102 (1st Cir. 1970), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1667, 29 L.Ed.2d 149 (1971); *El–Omrani v. Director, USIA,* 638 F.Supp. 430 (W.D.Pa. 1986). Moreover, contrary to Singh's assertion, the INS was not obligated under 8 U.S.C. § 1182(e) to forward Singh's motions for reconsideration to the USIA after the Agency's initial denial of Singh's waiver request. Because the INS had no authority to grant the waiver without USIA approval, Singh's complaint fails to state a

claim against Moyer upon which relief could be granted. Therefore, in accordance with Fed.R.Civ.P. 12(b)(6), this court grants Moyer's motion to dismiss.

Ultimately, although this court is disturbed by the apparent insensitivity of the immigration bureaucracy, the current laws leave the court with no choice but to grant defendants' motions to dismiss.