983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael D. RICHARDSON, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
 No. 91-3532.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Dec. 11, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Michael D. Richardson appeals an adverse ruling by the Federal Communications Commission ("FCC"). 28 U.S.C. § 2342; 47 U.S.C. § 402(a). The FCC denied Richardson's application for review of the Mass Media Bureau's dismissal of his complaint. The Bureau had determined that Richardson's complaint failed to state a violation under section 3451 of the Anti-Drug Abuse Act of 1986, 47 U.S.C. § 312a ("Drug Act"). The FCC also refused to hold an evidentiary hearing to consider the substance of Richardson's complaint. Because these actions are committed to the FCC's discretion by law, we dismiss Richardson's petition for review.
 
 
 2
 Richardson, a resident of Rock Island, Illinois, made an informal complaint to the FCC concerning the broadcast by a local radio station of the locations of checkpoints that the Iowa State Police had set up along highways in the Rock Island area. In his complaint, Richardson alleged that the radio station had violated the Drug Act because broadcasting the locations of checkpoints had obstructed the detection of controlled substances by police. Richardson asked the Commission to investigate his complaint and to "take appropriate corrective measures."
 
 
 3
 The FCC's Mass Media Bureau determined that no enforcement action against the station was warranted because no showing had been made that the station, by announcing the locations of checkpoints, had used its license "for the purpose of distributing, or assisting in the distribution of, any controlled substance in violation of Federal law." 47 U.S.C. § 312a. Accordingly, the Bureau dismissed Richardson's complaint and notified him of its action by letter.
 
 
 4
 Richardson filed an application with the FCC for review of the Bureau's decision. In his application Richardson argued that, because the FCC has yet to resolve the question of what conduct the Drug Act encompasses, the FCC should: (1) declare that, as a matter of policy, the disclosure of checkpoints by license holders constitutes a violation of the Drug Act; and (2) remand the complaint to the Mass Media Bureau "with direction to conduct a proper investigation and take appropriate enforcement action." In the alternative, Richardson demanded an evidentiary hearing "to permit [him] to establish the elements of his Complaint." The FCC released an order denying the application for review. This appeal followed.
 
 
 5
 Richardson first asks us to review the FCC's decision not to initiate enforcement proceedings against the holder of a station license. This raises the issue of whether the FCC's decision not to take enforcement action is even subject to judicial review.
 
 
 6
 At first blush, the Administrative Procedure Act, 5 U.S.C. §§ 701-706, which provides for judicial review of "agency actions" and failures to act, permits us to grant Richardson the review he seeks. However, we cannot review the order issued by the FCC because the FCC's action (or more accurately, inaction) is "committed to agency discretion by law." 47 U.S.C. § 701(a)(2); see also Heckler v. Chaney, 470 U.S. at 821, 828 (1985).
 
 
 7
 The FCC's decision not to initiate an enforcement action against the radio station is presumptively unreviewable. See Chaney, 470 U.S. at 831; Schneider Nat'l, Inc. v. ICC, 948 F.2d 338, 343 (7th Cir.1991). Richardson cannot rebut this presumption because there is no "meaningful standard against which [we can] judge the agency's exercise of discretion." Chaney, 470 U.S. at 830. We look in vain to the Drug Act's language, its legislative history, and the statutory and regulatory structure of the FCC's enforcement proceedings, in search of standards limiting the FCC's discretion to enforce the Drug Act. See Singh v. Moyer, 867 F.2d 1035, 1038 (7th Cir.1989).
 
 
 8
 Neither the language of the Drug Act nor its legislative history provides us with "meaningful standards" for review. The Drug Act states, "The Federal Communications Commission may revoke any private operator's license issued to any person under the Communications Act of 1934 who is found to have willfully used said license for the purpose of distributing, or assisting in the distribution of, any controlled substance" in violation of federal law. 47 U.S.C. § 312a. Clearly, by using this permissive language Congress granted the FCC complete discretion to enforce the Drug Act. See Chaney, 470 U.S. at 830, 835; Scalise v. Thornburgh, 891 F.2d 640, 646-47 (7th Cir.1989), cert. denied, 494 U.S. 1083 (1990).
 
 
 9
 The Communications Act and the FCC's own regulations do not provide us with "judicially manageable standards" which would allow us to judge "how and when [the] agency should exercise its discretion" in enforcing the Drug Act. Id. at 830; see also Arnow v. United States Nuclear Regulatory Comm'n, 868 F.2d 223, 234-235 (7th Cir.), cert. denied, Citizens of Illinois v. United States Nuclear Regulatory Comm'n, 493 U.S. 813 (1989). Both the Communications Act and the FCC regulations are silent on when the FCC should and should not enforce the Drug Act. Without these standards, we cannot judge whether the FCC abused its discretion in not enforcing the Drug Act against the radio station. See Cardoza v. CFTC, 768 F.2d 1542, 1549 (7th Cir.1985).
 
 
 10
 Additionally, the nature of the FCC's decision is inappropriate for judicial review. In ruling that the Drug Act did not apply to the type of conduct engaged in by the radio station, the FCC made a determination that not enforcing the act in this case fit into the agency's overall policies. The FCC, not a federal court, is better equipped to make this assessment. See Moyer, 867 F.2d 1039.
 
 
 11
 We realize that the FCC necessarily had to interpret the scope of the Drug Act in deciding not to enforce it against the radio station. In refusing to initiate enforcement proceedings against the radio station the FCC ruled that the Drug Act did not apply to the holders of "station licenses." The FCC is charged with implementing the Drug Act and so we defer to the FCC's construction of it. See Chaney, 470 U.S. at 832; see also 73A C.J.S. Public Administrative Law and Procedure § 24, at 372 (1983). We therefore defer to the FCC's conclusion that the Drug Act is to be applied against holders of "private operator licenses" and not against holders of station licenses. The object of Richardson's complaint holds a station license and, as such, is not subject to the Drug Act under the FCC's interpretation of it.
 
 
 12
 Richardson also asks us to review the FCC's refusal to hold an evidentiary hearing to consider revoking the radio station's license. In the absence of a statute explicitly requiring an evidentiary hearing, an administrative agency has broad discretion in formulating the procedures it uses. See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, 435 U.S. 519, 524-25 (1978). Neither the Drug Act nor the Communications Act requires the FCC to hold an evidentiary hearing in response to a complaint. The Communications Act allows the FCC to "conduct its proceedings in such manner as will best conduce to the proper dispatch of business and to the ends of justice." 47 U.S.C. § 154(j). The FCC's own regulations, which govern all proceedings before the Commission, are void of any requirement that an evidentiary hearing be held in response to a complaint. Neither 47 C.F.R. § 1.1, which governs proceedings before the FCC generally, nor 47 C.F.R. § 1.115, which governs applications for review, mandates a hearing of any type. The FCC has absolute discretion not to hold evidentiary hearings to consider complaints. Accordingly, we are without authority to order the FCC to hold an evidentiary hearing to consider the substance of Richardson's complaint.
 
 
 13
 For the foregoing reasons we DISMISS Richardson's petition for review of the FCC's order, but in doing so we nevertheless note his well intentioned citizen's efforts to aid the police.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record