Yasmin **LALANI, Khairunissa Lalani and Nurudeen Lalani, Plaintiffs–Appellants,**

v.

**Brian R. PERRYMAN, Acting District Director of the Immigration and Naturalization Service, Defendant–Appellee.**

No. 96–2498.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 1996.

Decided Jan. 23, 1997.

Rehearing Denied Feb. 27, 1997.

David Rubman, Chicago, IL (argued), for Plaintiffs–Appellants.

Thomas P. Walsh, Office of the United States Attorney, Civil Division, Chicago, IL, David M. McConnell, Stephen W. Funk (argued), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Defendant–Appellee.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

PER CURIAM.

The Lalanis, a brother and sisters who are natives and citizens of Pakistan, overstayed tourist visas to remain in this country with their parents and sisters. They were found deportable but were granted eighteen months, until December 8, 1995, to voluntarily depart the country. On November 28, 1995, pursuant to 8 C.F.R. § 244.2, they requested an extension of voluntary departure from Brian Perryman, the Acting District Director of the Immigration and Naturalization Service (INS). Under § 244.2, only the district director has the authority to extend voluntary departure periods.

Perryman denied the request without explanation on February 15, 1996, and the Lalanis were directed to leave the country by March 15, 1996. On that date, instead of departing the country, they filed a two-count complaint challenging the denial of their request. Count I alleged that the Administrative Procedure Act mandated an explanation for Perryman's decision, and Count II petitioned for a writ of habeas corpus. The district court granted the government's motion for judgment on the pleadings and dismissed the Lalanis' complaint. Having reviewed the case *de novo*, we affirm.

**I.**

While this appeal was pending, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRA), Div. C., Department of Defense Appropriations Act, 1997, Pub.L. No. 104–208, 110 Stat. 3009, was enacted to streamline deportation procedures. The government argues that the passage of IIRA immediately divested this court

of jurisdiction to hear the Lalanis' appeal. After analyzing IIRA, however, we do not believe that it applies to this case.

Section 306(a) of IIRA amends section 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252. The new section 1252(g) provides that:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

The general effective date for IIRA's amendments, as expressed by IIRA section 309(a), is "the first day of the first month beginning more than 180 days after the date of the enactment of this Act," or April 1, 1997. Section 309(a) also states, however, that the applicability of this general date is superseded by, among other specific provisions, section 306(c). Section 306(c)(1), as amended by technical corrections on October 11, 1996, Pub.L. 104–302, 110 Stat. 3656, states:

> Subject to paragraph (2), the amendments made by subsections (a) and (b) shall apply as provided under section 309, except that subsection (g) of section 242 of the Immigration and Nationality Act (as added by subsection (a)), shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act.

The government argues that this provision indicates that subsection (g), unlike other subsections amended by section 306(a) as well as IIRA in general, is to apply immediately, divesting this court of jurisdiction over this appeal.

■ In analyzing the effective date of a statute, "First we must decide whether Congress has decided to which cases a new law applies; if it has, the only task is to follow the statute. If Congress has not provided one way or the other, we must apply the law in force at the time of decision ... unless 'the new provision attaches new legal consequences to events completed before its enactment.'" *Lindh v. Murphy,* 96 F.3d 856, 861

(7th Cir.1996) (en banc) (quoting *Landgraf v. USI Film Prod.,* 511 U.S. 244, ——, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994)), *cert. granted,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997). According to the government, Congress has spoken: it has declared that subsection (g) is to apply immediately. The contrary view, which we here adopt, is that Congress intended that subsection (g) become effective with the rest of IIRA.

Section 309(a) clearly indicates that IIRA is to take effect on April 1, 1997, although it excepts certain sections from the general effective date, including section 306(c). Section 306(c), however, fails to specify an alternative effective date. Rather, it refers us back to section 309. Reexamining section 309, beyond the effective date provision in subsection (a), subsection (c) states that for aliens in exclusion or deportation proceedings before April 1, 1997, the IIRA amendments will not apply and judicial review will remain available (unless the Attorney General elects to proceed under IIRA by following specified procedures). Reading section 306(c) in light of section 309 as directed, we conclude that the reference to subsection (g) in section 306(c) is meant only to provide an exception to section 309(c)'s general principle of non-retroactivity, so that when IIRA comes into effect on April 1, 1997, subsection (g) will apply retroactively, unlike the other subsections. This interpretation gives meaning to each part of the statute. If we were to construe IIRA as Perryman urges, the provisions of IIRA deferring application of its procedures for six months would have no meaning because we would have no jurisdiction in all cases immediately.

The conclusion that we retain jurisdiction over this voluntary departure controversy is further supported by the fact that IIRA contains a separate section specifically addressing the issues involved in this case. Section 306(a)(2) contains a subsection (to be codified at 8 U.S.C. § 1252(a)(2)(B)) that denies judicial review for decisions committed to the discretion of the Attorney General, including decisions regarding voluntary departure. This section, however, is not effective until April 1, 1997. *INS v. Yang,* —— U.S. ——,

—— n. 1, 117 S.Ct. 350, 352 n. 1, 136 L.Ed.2d 288 (1996). That IIRA contains a more specific provision applying to this case, and that the more specific provision has a delayed effective date, bolsters the conclusion that Congress had no intent to limit our jurisdiction over this case immediately.

## II.

█ Having satisfied ourselves that IIRA does not deprive us of jurisdiction to decide the appeal, we may turn to the merits of the Lalanis' contentions. The Lalanis make no argument that they have been denied due process, only that Perryman's decision was arbitrary and capricious and an abuse of discretion. They contend that the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, requires Perryman to give them a reason for denying their request for an extension of voluntary departure.

█ The Supreme Court has held, however, that the Administrative Procedure Act is not applicable to deportation proceedings under the *Immigration and Nationality Act. Marcello v. Bonds,* 349 U.S. 302, 310, 75 S.Ct. 757, 761–62, 99 L.Ed. 1107 (1955). In *Kaczmarczyk v. INS,* 933 F.2d 588, 595 (7th Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991), this court concluded that "Congress has directed that the procedures designated in the INA are the 'sole and exclusive' procedures governing deportation hearings," and thus petitioners could not rely upon the APA to challenge the manner of conducting their asylum proceedings. *See also Rivera–Cruz v. INS,* 948 F.2d 962, 967 n. 5 (5th Cir.1991) (same). Thus, the APA is not a useful tool for aliens challenging immigration decisions.

█ Moreover, although the APA generally provides that an agency action is reviewable if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), there is an exception when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Thus, there is no judicial review of agency action if "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985). In the narrow circumstance where there is "no law to apply," section 701(a)(2) bars judicial review. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971). "In determining whether a 'meaningful standard' for review is available, this court considers four areas: the statutory language, the statutory structure, the legislative history, and the nature of the agency action." *Singh v. Moyer,* 867 F.2d 1035, 1038 (7th Cir.1989).

Here, there is no statutory provision providing for an extension of voluntary departure. The applicable regulation, 8 C.F.R. § 244.2, simply states:

> Authority to reinstate or extend the time within which to depart voluntarily ... is within the sole discretion of the district director.... A request by an alien for reinstatement or an extension of time within which to depart voluntarily shall be filed with the district director having jurisdiction over the alien's place of residence. Written notice of the district director's decision shall be served upon the alien and no appeal may be taken therefrom.

This regulation gives no guidance as to how the district director decides whether to extend voluntary departure, indicating that the decision is unreviewable. Further, decisions about voluntary departure are highly discretionary and generally committed to the INS, not the judiciary. *See, e.g.,* Kaczmarczyk, 933 F.2d at 598.

The Fifth Circuit has concluded that the APA does not apply to claims regarding the grant of prehearing voluntary departure. *Perales v. Casillas,* 903 F.2d 1043 (5th Cir. 1990). The court found that pre-hearing voluntary departure was purely a creature of regulation, with the authorizing statute (8 U.S.C. § 1252(b)) providing no law to apply and the regulations worded in purely permissive language. *Id.* at 1048–49. It noted, "Where the Attorney General is granted discretionary authority to grant relief by a statute that 'does not restrict the considerations which may be relied upon or the procedures by which the discretion should be exercised,'

his discretion has been described by the Supreme Court as 'unfettered.'" *Id.* at 1050 (citing *Jay v. Boyd,* 351 U.S. 345, 354, 76 S.Ct. 919, 924, 100 L.Ed. 1242 (1956)).

Similarly, this and other circuits have concluded that the APA does not apply to discretionary waiver of a foreign residency requirement. *Singh v. Moyer,* 867 F.2d 1035, 1039 (7th Cir.1989); *Slyper v. Attorney General,* 827 F.2d 821, 823–24 (D.C.Cir.1987), *cert. denied,* 485 U.S. 941, 108 S.Ct. 1121, 99 L.Ed.2d 281 (1988); *Dina v. Attorney General,* 793 F.2d 473, 476–77 (2d Cir.1986) (per curiam); *Abdelhamid v. Ilchert,* 774 F.2d 1447, 1450 (9th Cir.1985); *cf. Chong v. Director, United States Information Agency,* 821 F.2d 171, 176 (3d Cir.1987). Under that statute, 8 U.S.C. § 1182(e), a waiver may be granted if, among other criteria, "the Director of the USIA [United States Information Agency] subsequently gives a favorable recommendation to the Attorney General." *Singh,* 867 F.2d at 1037. This court concluded that "the statutory language is void of criteria in which to judge how the Director determines the content of his inquiry or the nature of his recommendation." *Id.* at 1039. Finding that "Congress has provided no 'meaningful standard' for reviewing the USIA's action," the court held that the APA was inapplicable. *Id.* Likewise, there is no meaningful standard for reviewing decisions made under 8 C.F.R. § 244.2.

■ Moreover, the Lalanis contend that the District Director must be required to give his reasoning to make his decision reviewable. By the terms of § 244.2, however, no administrative appeal is possible, and this court has held that generally it "lack[s] authority to review the INS's discretionary grant of voluntary departure." *Kaczmarczyk,* 933 F.2d at 598; *Ademi v. INS,* 31 F.3d 517, 521 (7th Cir.1994). If the decision is unreviewable, then there is no need for explanations.

The APA presents no obstacle to the District Director's decision to deny without explanation the Lalanis' request for an extension of voluntary departure. The Lalanis are present in this country in violation of the immigration laws, and consequently they are immediately deportable. After receiving an eighteen-month extension of time in which to voluntarily depart, they defied the deportation order and filed this fruitless appeal. They did not obtain a stay pending appeal. They should have been long gone. If it has not already, the INS should execute the deportation order immediately.

AFFIRMED.