**Franklin BART–ADDISON, Petitioner,**

v.

**Thomas FISCHER, Director, United States Immigration & Naturalization Service; John Doe, United States Marshal, Atlanta; and Tom Pocock, Chief of Corrections, Atlanta Pretrial Detention Center, Respondents.**

Civil Action No. 1:97–CV–475–FMH.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 19, 1997.

Allan Earl Alberga, Office of Allan E. Alberga, Decatur, GA, for Petitioner.

Lori M. Beranek, Office of U.S. Atty., N. D. of Ga., for Respondents.

## ORDER

HULL, District Judge.

Petitioner Franklin Bart–Addison seeks a writ of habeas corpus to set aside a final

order of Respondents, collectively referred to as the Immigration and Naturalization Service ("INS"), directing that Petitioner be deported. This matter is before the Court on Respondents' Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim [11–1].

## I. FACTS

On November 21, 1989, Petitioner was convicted of issuing a bad check in violation of the laws of the State of Georgia. O.C.G.A. § 16–9–20. Subsequently, on September 13, 1991, Petitioner was convicted of two counts of mail fraud in violation 18 U.S.C. § 1341. After Petitioner was sentenced in federal court, INS agents arrested Petitioner and issued him an order to show cause why he should not be deported. The "show cause" order charged that Petitioner was deportable based upon his two convictions for crimes involving moral turpitude. See 8 U.S.C. § 1251(a)(2)(A)(ii).

On November 15, 1991, an immigration judge ruled that Petitioner was not deportable. The INS immediately appealed that ruling to the Board of Immigration Appeals ("BIA"). On February 3, 1992, the BIA issued an order directing Petitioner's deportation. On March 30, 1992, Petitioner filed a petition for review of the BIA's decision in the Eleventh Circuit, but the appeal was closed on September 14, 1992.[1]

Subsequently, after Petitioner hired an attorney, Petitioner's March 30, 1992 petition for review in the Eleventh Circuit was reopened. Petitioner then sought remand of his case to the BIA for consideration of a request for discretionary relief under a newly enacted provision of the INA, namely 8

U.S.C. § 1182(h). The INS agreed to the remand and Petitioner received a hearing before an immigration judge in Atlanta, Georgia on January 27, 1993. On that same day, the immigration judge denied discretionary relief and issued an order directing that Petitioner be deported.

Petitioner appealed that final deportation order to the BIA, which affirmed the decision of the immigration judge on April 26, 1993. On May 14, 1993, Petitioner moved to reconsider the BIA's April 26, 1993 decision. On July 27, 1993, the BIA granted Petitioner's motion to reconsider in order to afford Petitioner the opportunity to review copies of the transcript of the proceedings before the immigration judge and of the immigration judge's decision of January 27, 1993, and then to brief his appeal of the deportation order to the BIA. On December 26, 1993, after briefing, the BIA denied the request for reconsideration and dismissed the appeal. Petitioner's later attempts requesting relief in the Fifth Circuit Court of Appeals also failed.[2]

On April 14, 1996, the INS attempted to deport Petitioner. Petitioner physically attacked one of the officers. Subsequently, on March 1, 1997, Petitioner was convicted of one count of assaulting a federal officer. On May 7, 1997, Petitioner was sentenced by a federal district court to time served of twelve months and released into INS custody.

On February 25, 1997, just prior to his assault conviction, Petitioner filed his Petition for a writ of habeas corpus in this Court challenging, inter alia, the BIA's ruling that Petitioner's conviction for writing a bad check was a crime involving moral turpitude. Prior to Petitioner's May 7, 1997 sentencing

---

1. On June 4, 1992, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Alabama. Later, he and the habeas action were transferred to the Western District of Louisiana. The district court in Louisiana eventually dismissed the petition for improper venue.

2. According to Respondents, Petitioner filed a petition for review of the final deportation order in the Fifth Circuit on January 4, 1994. Also according to Respondents, the Fifth Circuit denied the petition on July 27, 1994. Neither Petitioner's petition nor the Fifth Circuit's order are

in the record. However, the record does reflect that the Fifth Circuit issued an order, dated August 25, 1994, denying Petitioner's motion to reinstate the petition for review. On September 6, 1994, Petitioner filed a second petition for review with the Fifth Circuit. On June 6, 1995, the Fifth Circuit denied Petitioner's petition for review. Additionally, on December 31, 1992, Petitioner filed a civil rights action in this district seeking declaratory and injunctive relief. Judge G. Ernest Tidwell denied relief and the Eleventh Circuit affirmed in an opinion dated August 31, 1995.

and being released into INS custody, the INS made preparations to have Petitioner deported on May 7, 1997. On that day, Petitioner filed an Emergency Motion for Stay of Deportation. The Court granted Petitioner's motion and stayed Petitioner's deportation until such time as the Court had time to determine the merits of Petitioner's Petition, including but not limited to whether the Court has jurisdiction to hear Petitioner's claims. The Court then expedited ruling on these matters.

## II. DISCUSSION

### A. This Court Lacks Subject Matter Jurisdiction Over Petitioner's Claims

On September 30, 1996, President Clinton signed into law the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (1996). The IIRIRA contains several amendments to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and is codified among scattered sections of the INA. Among the amendments is a provision repealing 8 U.S.C. § 1105a, the judicial review provision under which Petitioner asserts that this Court has jurisdiction to award the relief he seeks. Section 1105a was replaced with a new judicial review section, INA § 242, which is now codified at 8 U.S.C. § 1252.

■ The new provision significantly restricts jurisdiction for judicial review of actions by the Attorney General in the execution of deportation orders. Section 306(a) of the IIRIRA adds the following new subsection to § 242 of the INA:

(g) EXCLUSIVE JURISDICTION. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this act.

8 U.S.C. § 1252(g). Section 1252 does not permit judicial review in the district courts for the purpose of collaterally attacking the merits of an order of deportation. *See Vakalala v. Schiltgen,* No. 97–0492, 1997 WL 102501, at *3 (N.D.Cal. Feb. 26, 1997); *Ugwoezuono v. Schiltgen,* No. 97–0496, 1997 WL 102499, at *3 (N.D.Cal. Feb. 24, 1997); *Moore v. District Director, INS,* 956 F.Supp. 878, 881 & n. 2 (D.Neb.1997). Such attacks on the merits of a deportation order generally are limited to court of appeals review of any such order of deportation commenced upon a petition filed within 30 days after the date of the final order of deportation.[3]

In a hearing held on May 7, 1997, counsel for Petitioner admitted that the former § 1105a, upon which Petitioner asserts jurisdiction, has been repealed. Counsel also conceded that under the new judicial review provisions of the INA, this Court would not have jurisdiction to issue a writ of habeas corpus for Petitioner. However, counsel for Petitioner argued that despite its repeal, § 1105a still applies to the instant case and, accordingly, this Court has jurisdiction to consider Petitioner's collateral challenge to Respondents' final order of deportation.

At the May 7, 1997 hearing, counsel for Respondents agreed that § 1105a still applies to the instant case. Counsel for Respondents has since switched positions and now argues that § 1252 in its current form applies to the instant case. Thus, the question becomes whether the old § 1105a applies

---

**3.** Section 1252 also permits judicial review in other limited circumstances, none of which are relevant here. For example, § 1252(e)(2) permits review in habeas corpus proceedings in a limited number of circumstances, as follows:

Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas proceedings, but shall be limited to determinations of—

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2).

to this case or whether the new § 1252 applies. If the latter applies, this Court is divested of its jurisdiction to hear Petitioner's claims; but if the former applies, this Court retains jurisdiction.

To determine which section applies, the Court first must examine when the IIRIRA and its amendments became effective. This question is answered by the Act itself. Section 309(a) of the IIRIRA states that its effective date is "the first day of the first month beginning more than 180 days after the date of the enactment of this Act," or April 1, 1997. IIRIRA § 309(a); *see also Lalani v. Perryman,* 105 F.3d 334, 336 (7th Cir.1997); *Ramirez–Centeno v. Wallis,* 957 F.Supp. 1267, 1269 (S.D.Fla.1997). Courts have construed this section to mean that the general effective date for the IIRIRA is April 1, 1997. *See, e.g., Lalani,* 105 F.3d at 334; *Ramirez–Centeno,* 957 F.Supp. at 1269.

However, § 309(a) also states that the applicability of this general date is superseded by, among other specific provisions, § 306(c). Section 306(c)(1) states:

> Subject to paragraph (2), the amendments made by subsections (a) and (b) shall apply as provided under section 309, except that subsection (g) of section 242 of the Immigration and Nationality Act (as added by subsection (a)), shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act.

IIRIRA § 306(c)(1); *see also Lalani,* 105 F.3d at 336. Courts have split as to whether this section means that the new § 1252(g) became effective on the date of enactment of the IIRIRA, on September 30, 1996, or whether it means that § 1252(g) did not become effective until April 1, 1997. Regarding the instant case, this is a distinction without a difference. Using either date, § 1252(g) is now effective.

■ This brings the Court to the more pertinent question—whether § 1252(g) applies retroactively to cases pending on its effective date. This question also is answered by the IIRIRA. By the express terms of § 306(c)(1) of the IIRIRA, quoted above, § 1252(g) "shall apply without limitation to claims arising from all past, pending,

or future exclusion, deportation, or removal proceedings under such Act." IIRIRA § 306(c)(1); *see also Lalani,* 105 F.3d at 336 ("[W]hen [IIRIRA] comes into effect on April 1, 1997, subsection (g) will apply retroactively....").

Therefore, the Court finds that § 1252, specifically § 1252(g), applies to the instant case and, thus, the Court is without subject matter jurisdiction to consider Petitioner's Petition.

### B. *Petitioner Has Not Exhausted His Administrative Remedies*

Even assuming this Court has not been divested of jurisdiction via § 1252, Petitioner still is not entitled to relief because Petitioner's Petition is not timely and Petitioner has not exhausted his administrative remedies. Under the old § 1105a(a)(10), "an alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. § 1105a(a)(10) (1994) (repealed). However, under § 1105a(c), "[a]n order of deportation of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws...." 8 U.S.C. § 1105a(c) (1994) (repealed). Also, "[n]o petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding." 8 U.S.C. § 1105a(c) (1994) (repealed).

■ If Petitioner's application for a writ of habeas corpus is treated as a stay of deportation, Petitioner has not exhausted his administrative remedies because Petitioner did not seek a stay of deportation from the INS prior to filing his Petition for a writ of habeas corpus in this case. Alternatively, Petitioner's application is not timely. According to Respondents, the January 27, 1993 order directing Petitioner to be deported became final on December 26, 1993. Petitioner last sought a stay of deportation in July 1993, before his deportation order became final. Petitioner has not sought a stay of deportation since his deportation order became final in December 1993. If Petitioner's applica-

tion for a writ of habeas corpus seeks to review the INS's denial of Petitioner's July 1993 request for stay of deportation, Petitioner's application for relief almost four years later is untimely.

■ More importantly, since Petitioner's deportation order became final, Petitioner has had an audience in the Courts of Appeals for the Fifth and Eleventh Circuits. In June 1995, the Fifth Circuit affirmed the Board of Immigrations's denial of Petitioner's request to reopen his deportation proceedings. *See Bart–Addison v. INS,* 58 F.3d 636 (5th Cir. 1995).[4]

Additionally, Petitioner filed a civil rights complaint in this district court. Petitioner's complaint ultimately was dismissed as moot. During the pendency of his civil action, Petitioner filed an emergency motion to stay deportation. Judge Tidwell denied Petitioner's emergency motion to stay deportation, concluding that the court did not have jurisdiction to review Petitioner's deportation order. On appeal, the Eleventh Circuit agreed with this conclusion. Accordingly, the Eleventh Circuit affirmed the district court's denial of Petitioner's emergency motion for stay of deportation. *See Addison v. Reno,* 66 F.3d 342 (11th Cir.1995). Thus, it appears this Court would not have had jurisdiction to review the INS's final order of deportation even if § 1252 did not apply to this case. *See also* 8 U.S.C. § 1105a(a) (1994) (repealed) (limiting judicial review of all final orders of deportation to petitions for review in the courts of appeals); *INS v. Chadha,* 462 U.S. 919, 937, 103 S.Ct. 2764, 2777, 77 L.Ed.2d 317 (1983) ("[A] petition for review in the Court of Appeals 'shall be the sole and exclusive procedure for the judicial review of all final orders of deportation ....'" (quoting 8 U.S.C. § 1105a(a))).

Considering the foregoing, the Court finds that Petitioner is not entitled to relief even if § 1252 has not divested this Court of jurisdiction over Petitioner's claims.

*C. Petitioner's Emergency Motion To Preclude Sedation During Deportation And To Ensure Valid Travel Documents Are Utilized*

■ On May 16, 1997, Petitioner filed an Emergency Motion to Preclude Sedation During Deportation and to Ensure Valid Travel Documents are Utilized [13–1]. The request Petitioner seeks is apparent from the title of his Motion. The Court **DENIES** Petitioner's Motion. The matters about which Petitioner complains are matters vested within the jurisdiction of the INS, not this Court. This is especially true here where the Court is without subject matter jurisdiction to inquire into any of Petitioner's claims.

### III.  CONCLUSION

For the foregoing reasons, this Court **DENIES** Petitioner's Petitioner for a writ of habeas corpus. The Court **DENIES** Petitioner's Emergency Motion to Preclude Sedation During Deportation and to Ensure Valid Travel Documents are Utilized [13–1].

The Court directs the Clerk to **DISMISS** Petitioner's petition for lack of subject matter jurisdiction.

---

**4.** In a footnote to its opinion, the Fifth Circuit noted that it was without jurisdiction to consider whether Petitioner's conviction for passing a non-sufficient funds check is a crime of moral turpitude that qualifies him for deportation be- cause Petitioner did not file his petition for review in the Fifth Circuit within 90 days of the final order of deportation. Petitioner requests this Court to review this very issue via his Petition for a writ of habeas corpus in this action.