67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Armando Naranjo LEYVA, Plaintiff-Appellant,
v.
Janet RENO, United States Attorney General, Kathleen (NMN)
Hawk, Bureau of Prison Director, Defendant-Appellee.
 No. 95-3081.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Plaintiff-appellant Armando Leyva, a Cuban detainee being held by immigration authorities and appearing pro se, appeals the district court's order dismissing his action, which challenged his confinement, 28 U.S.C. 2241, and also asserted a Bivens claim. Mr. Leyva sought damages and injunctive relief[3] as a result of his being held. The district court did not err by dismissing Mr. Leyva's habeas claim, because he had filed the same claim in the Central District of California and that claim was still pending.
 
 
 2
 The district court dismissed Mr. Leyva's claim challenging the conditions of his confinement on the grounds that he failed to first exhaust administrative remedies. This does not harmonize with McCarthy v. Madigan, 503 U.S. 140, 149, 154 (1992), where the Court indicated that exhaustion would not be required when the relief sought was damages and confined to past wrongs. See Arvie v. Stalder, 53 F.3d 702, 705-06 (5th Cir.1995).
 
 
 3
 We may, however, affirm a dismissal on any grounds supported by the record. Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir.1994). It appears from the complaint that Mr. Leyva is seeking damages primarily for being kept in custody for almost nine years, rather than for prison conditions. The damages claim for confinement must await a favorable outcome on the habeas petition. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Stephenson v. Reno, 28 F.3d 26, 28 (5th Cir.1994). Moreover, the district judge gave Mr. Leyva an opportunity to identify the specific nature of his complaints concerning his conditions of confinement and the persons responsible. I R. doc. 5. The resulting pleading is no more illuminating than the conclusory allegations contained in the complaint. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991).
 
 
 4
 AFFIRMED. We GRANT Mr. Leyva's Motion to Proceed on Appeal Without Prepayment of Fees or Costs.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 The injunctive relief requested was (1) consideration of his status as an unconvicted immigrant, and (2) release from custody or immediate deportation. I R. doc. 2 at 5