**Armando Naranjo LEYVA, Petitioner,**

v.

**Doris MEISSNER, I.N.S. Commissioner, Respondent.**

No. 97–1234.

United States District Court, C.D. Illinois.

Feb. 9, 1998.

Armando Naranjo Leyva, Pekin, IL, pro se.

Thomas A. Keith, Asst. U.S. Attorney, Peoria, IL, for Respondent.

### ORDER

MCDADE, District Judge.

Before the Court is Armando Naranjo–Leyva's Petition for Writ of Habeas·Corpus by. a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is DISMISSED.

### BACKGROUND

Petitioner, Armando Naranjo Leyva, is a 44–year–old native and citizen of Cuba. He arrived at the united States near Key West, Florida, on May 11, 1980, as part of the Mariel Boatlift and was taken into custody by the Immigration and Naturalization Service (INS). On June 4, 1980, Petitioner was paroled from custody by the INS.

Petitioner committed his first crime in the United States less than a month after he was paroled. He was subsequently convicted at least twice for criminal offenses. On April 15, 1981, he was convicted of grand theft in the Circuit Court of Dade County, Florida. As a result of this conviction, Petitioner was sentenced to nine months and three weeks in the county jail followed by three years probation. On October 4, 1982, Petitioner was convicted of burglary of a dwelling and grand theft in the Circuit Court of Dade County, Florida. As a result of this second conviction, Petitioner was sentenced to two concurrent five year prison terms. In addition to his convictions, Petitioner was arrested on August 15, 1981, for aggravated assault, carrying a concealed firearm, use of a firearm in the commission of a felony, and possession of burglary tools.

On March 11, 1986, the INS revoked the parole previously granted Petitioner and took him into custody. Administrative exclusion proceedings were commenced against Petitioner under 8 C.F.R. § 212.12 for execution of the existing deportation order or his continued custody or resumption of parole pending deportation. The INS alleged in these proceedings that Petitioner was excludable from the United States based on his two criminal convictions and his lack of valid entry documents. At a hearing held before an immigration judge on October 16, 1987, Petitioner was ordered excluded and deported from the United States. *See* 8 C.F.R. § 212.12. It does not appear that Petitioner appealed this decision, and Petitioner has been held in INS custody since that time.

Federal regulations under the INA have been promulgated specifically for detained Mariel Cubans that mandate a timely hearing for all detainees before a specially created Cuban Review Panel for purposes of parole determination. However, subsequent reviews by the Cuban Review Panel are discretionary. 8 C.F.R. § 212.12. Additionally, section 212.13 provides for a mandatory one-time review of each detainee by a specially created Departmental Release Review Panel within the Department of Justice for those detainees who are not given parole pursuant to section 212.12.

In accordance with said regulations, Petitioner first appeared before a Cuban Review Panel on February 5, 1988. He has since appeared before review panels on or about June 29, 1990; August 26, 1991; August 24, 1992; August 31, 1993; December 6, 1994; December 4, 1995; and February 6, 1997. Following each interview, the review panels recommended that Petitioner not be paroled from INS custody. In reaching these recommendations, the review panels considered, *inter alia,* his criminal record in the United States, his frequent disciplinary incidents while in custody and physiological evaluations. Following each panel review, and based on their recommendations, the INS' Associate Commissioner, who is responsible for making parole decisions, has made a determination that Petitioner had not demonstrated that he should be re-paroled from INS custody.

In the instant petition, the crux of Petitioner's claim appears to be that he is being unlawfully held in federal custody and seeks to be deported pursuant to the "New Reform Act of 1996." (Memo. at p. 2). Presumably, Petitioner is referring to the Illegal Immigration Reform and Immigrant Act of 1996. *See* Division C of Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996).

### *DISCUSSION*

On March 3, 1994, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. (*See* Petition at p. 6). In that petition, Petitioner stated two grounds for relief:

**Ground One:**

The INS has no statutory authority to confine me indefinitely, because I cannot be returned to Cuba.

**Ground Two:**

My indefinite confinement in a federal prison is impermissible punishment, in violation of the Fifth and Sixth Amendments.

(Respondent's Appendix at p. 94–96). However, United States District Judge Richard A. Gadbois, Jr., denied the petition and on September 29, 1995, the United States Court of Appeals for the Ninth Circuit affirmed.

*See Armando Naranjo Leyva v. Keohane,* 67 F.3d 307 (9th Cir.1995) (table) (*citing Barrera–Echavarria v. Rison,* 44 F.3d 1441 (9th Cir.1995) (held, *inter alia,* that the Attorney General had statutory authority to detain an undeportable excludable alien indefinitely)).

On January 13, 1995, Petitioner filed a complaint in the United States District Court for the District of Kansas. (Respondent's Appendix at p. 102). There, the district court construed the complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and as a contemporaneous *Bivens* Action. In that petition, Petitioner argued, *inter alia,* that he was being unconstitutionally held in federal custody. Specifically, Petitioner stated:

**Count II:**

My condition of confinement is impermissible in violation of the Protection Clause of the Fourteenth Amendment, and in violation of the Federal Constitution Eighth Amendment.

**Count III:**

The Eighth Amendment protected any person from unusual punishment and inadequate condition of confinement, and the Attorney General has not statutory authority to keep me as a convicted.

(Respondent's Appendix at p. 104, 107). The district court dismissed the petition and on September 26, 1995, the United States Court of Appeals for the Tenth Circuit affirmed. *See Armando Naranjo Leyva v. Reno,* 67 F.3d 312 (10th Cir.1995) (table). In affirming the district court, the Tenth Circuit held that the district court did not err by dismissing Mr. Leyva's habeas claim on the basis that Leyva had filed the same claim in the Central District of California.

■ Respondent argues that the instant petition should be dismissed as a successive petition under the authority found in 28 U.S.C. § 2244, as amended by the recently enacted Antiterrorism and Effective Death Penalty Act, effective April 24, 1996. Section 2244 prohibits successive habeas petitions absent approval from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Prior to the 1996 amendments, section 2244, authorized dismissal of a successive habeas petition "that presented no new ground not heretofore pre-

sented and determined." *McCleskey v. Zant,* 499 U.S. 467, 483, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in *McCleskey,* expanded section 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

*McCleskey,* 499 U.S. at 489.

As newly amended, however, section 2244 appears to provide for habeas corpus petitions brought specifically under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. In relevant part, section 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for

writ of habeas corpus, except as provided in *section 2255.*[1]

28 U.S.C. § 2244(a) (emphasis added).

The Court has found no precedent in the Seventh Circuit to support the proposition that section 2241 habeas corpus petitions are covered by the amended section 2244 sanction against second or successive petitions. However, federal courts in other circuits have barred successive 2241 habeas petitions under the authority found in section 2244. *See Chambers v. United States,* 106 F.3d 472, 474–75 (2d Cir.1997) (dismissing § 2241 petition as successive pursuant to § 2244 as amended by the AEDPA) (*quoting Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) ("The new restrictions on successive petitions constitute a modified *res judicata* rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.' ")); *Byrd v. Gillis,* 1997 WL 698157, *1 (E.D.Pa. 1997) (applying the AEDPA's new requirements for second and successive petitions to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241); *Sinclair v. O.C. Jenkins,* 1996 WL 511790, *1 (D.Kan. 1996) ("Although not expressly referenced in § 2244(a), the abuse of the writ doctrine applies to § 2241 petitions as well."). Nevertheless, absent clear direction from the Seventh Circuit, the Court will decline Respondent's invitation to find that the prohibition against successive petitions found in the amended section 2244 applies to petitions filed pursuant to 28 U.S.C. § 2241.

■ In any event, because the instant petition represents Petitioner's third habeas claim in which he challenges the Attorney General's custodial authority, the Court will dismiss the petition as an abuse of the writ. With respect to the finding of abuse, the Court notes that Petitioner has failed to make any showing of cause, prejudice, or fundamental miscarriage of justice. *See McCleskey,* 499 U.S. at 489. Moreover, as

---

1. Section 2255 provides in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(28 U.S.C. § 2255(4)).

further explained below, the claim that Petitioner raises in the instant petition under the newly enacted Illegal Immigration Reform and Immigrant Responsibility Act has no merit. Thus, even if the Court did not dismiss this petition as an abuse of the writ, the petition would still be denied.

■ Petitioner cites the recently enacted Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) throughout his petition. The IIRIRA amends the Immigration and Nationality Act (INA), codified primarily in Title 8 of the United States Code. *See Turkhan v. INS,* 123 F.3d 487, 488 (7th Cir.1997). The IIRIRA was enacted to streamline deportation procedures. *See Lalani v. Perryman,* 105 F.3d 334, 335 (7th Cir.1997).

Petitioner argues that the IIRIRA somehow dictates that he be deported to Cuba or some third country. However, Petitioner does not identify the specific provision of the IIRIRA that compels deportation. As far as the Court can discern, section 305 of the IIRIRA provides that an alien who has been ordered deported must be removed by the Attorney General within 90 days *unless* extended. *See* Division C of Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996). This right of removal, however, is conditioned upon another country expressing its willingness to accept the alien. *Id.* There is no suggestion in the record that Cuba or any other country has indicated any interest in Petitioner. Moreover, section 309 appears to preclude application of section 305 to aliens, such as Petitioner, who were ordered removed before April 1, 1997. *Cf. Perryman,* 105 F.3d at 336. Therefore, assuming arguendo, that the IIRIRA applies to Petitioner's case, he has not shown that he meets the statutory requirements for removal.

Finally, the IIRIRA amends section 242(g) of the INA, 8 U.S.C. § 1252(g), to provide:

(g) EXCLUSIVE JURISDICTION.

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the INA].

The IIRIRA explicitly provides for the retroactive application of subsection (g). *See American–Arab Anti–Discrimination Committee v. Reno,* 119 F.3d 1367, 1371 (9th Cir.1997) (*citing Lalani v. Perryman,* 105 F.3d 334, 336 (7th Cir.1997) (same); *Ramallo v. Reno,* 114 F.3d 1210, 1213 (D.C.Cir.1997) (same)). As of April 1, 1997, section 306(a) of the IIRIRA governs pending actions. *See Id* .

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on June 24, 1997. However, section 242(g) prohibits this Court from exercising jurisdiction and abolishes review under section 2241. *See Yang v. INS,* 109 F.3d 1185, 1195 (7th Cir.1997) ("What is more, effective April 1, 1997, § 306(a) of the IIRA abolishes review under § 2241, leaving only the constitutional writ, unaided by statute."). Accordingly, even if the instant Petition was not barred as an abuse of the writ, it appears that the Court lacks jurisdiction to entertain Petitioner's claims pursuant to the recent amendments to the INA.

### *CONCLUSION*

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. # 8] is **GRANTED.** IT IS FURTHER ORDERED that Armando Naranjo Leyva's Petition for Writ of Habeas Corpus is **DISMISSED** with **PREJUDICE.** IT IS FURTHER ORDERED that Petitioner's Motion to Clarify [Doc. # 11] is **DENIED.** IT IS FURTHER ORDERED that Petitioner's Motion for Order [Doc. # 12] is **DENIED.** IT IS FURTHER ORDERED that Petitioner's Motion for Disposition and Discovery [Doc. # 13] is **DENIED.** Case **TERMINATED.**