**Claudio MUSTO, Petitioner,**

v.

**Brian PERRYMAN, as District Director of the Immigration & Naturalization Service, Respondent.**

No. 97 C 7063.

United States District Court, N.D. Illinois, Eastern Division.

May 5, 1998.

Royal F. Berg, Chicago, IL, for Petitioner.

John F. Hurlbut, Special Assistant U.S. Attorney, Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The petitioner, Claudio Musto, is an alien subject to a final order of deportation. He filed a petition for writ of habeas corpus challenging the final order and seeking to prevent its execution. The respondent seeks dismissal of, or in the alternative summary judgment on, the petition. Mr. Musto seeks a cross-motion for summary judgment. Mr. Musto's habeas petition is granted as set forth below.

### Background

Mr. Musto is a native and citizen of Italy. He entered the United States as a lawful permanent resident alien on April 20, 1968 at the age of six. He is currently married to a United States citizen and is the stepfather of her children.

On March 27, 1986, the Immigration and Naturalization Service ("INS") issued an order to show cause ("OSC") alleging that Mr. Musto was deportable from the United States based on four narcotics related convictions. These four convictions include two convictions on April 3, 1984 for possession of a controlled substance, a conviction on April 19, 1984 for possession of a controlled substance, and a conviction on February 4, 1986 for possession of cannabis with intent to deliver and possession of a controlled substance.

At a hearing before an immigration judge ("IJ") on January 27, 1987, Mr. Musto was found deportable based on the allegations contained in the March 27, 1986 OSC. The IJ, however, granted Mr. Musto a waiver under 8 U.S.C. § 1182(c), permitting him to retain his permanent resident status and remain in the United States. The INS appealed this decision to the Board of Immigration Appeals ("BIA") which affirmed the decision of the IJ on May 31, 1991.

On June 18, 1993, the INS issued a second OSC. This charging document was based on additional narcotics related criminal convictions. Mr. Musto was convicted of possession of a controlled substance on February 19, 1986 and of delivery of a controlled substance on October 26, 1990.

At contested deportation hearings held before the IJ on December 16, 1993 and June 29, 1994, Mr. Musto denied that he was deportable pursuant to the OSC. After the INS introduced certified copies of the conviction records, Mr. Musto admitted that those records related to him. The IJ found based on this record that Mr. Musto was deportable pursuant to 8 U.S.C. §§ 1251(a)(2)(A)(iii) and 1251(a)(2)(B)(i). The IJ subsequently denied his new application for a § 1182(c) waiver and he appealed to the BIA.

While Mr. Musto's appeal was pending at the BIA, the Immigration and Nationality Act ("INA") was amended. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. § 440(d) of the AEDPA amended § 212(c) of the INA, 8 U.S.C. § 1182(c), to provide, in relevant part, that:

> This subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 1251(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1251(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 1251(a)(2)(A)(i) of this title.

Subsequently, the BIA dismissed Mr. Musto's appeal on August 27, 1997, relying on AEDPA § 440(d) and the Attorney General's opinion in *In re Soriano*, Interim Dec. No. 3289 (BIA 1996; A.G.1997). The BIA found that Mr. Musto was no longer eligible for a § 1182(c) waiver.

Mr. Musto filed the instant petition for writ of habeas corpus on October 9, 1997. He alleges that this court has jurisdiction to hear his claim and that the BIA's decision in this case and the Attorney General's decision in *Soriano* violates the presumption against the retroactive application of statutes, due process, and equal protection.

## Jurisdiction

The government contends that this court lacks subject matter jurisdiction over the claims asserted in Mr. Musto's petition under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, enacted subsequent to the AEDPA on September 30, 1996. It argues that the IIRIRA amended the INA to streamline the removal process and expedite removal of aliens illegally present in the United States. In particular, 8 U.S.C. § 1252(g) provides:

> (g) EXCLUSIVE JURISDICTION. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Consequently, the government claims that Mr. Musto cannot bring his petition because this court lacks jurisdiction under § 1252(g).

There is some question as to whether § 1252(g) applies to this case. The government contends that under § 306(c) of the IIRIRA, § 1252(g) applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act." It argues that the Seventh Circuit has found that "subsection (g) will apply retroactively." *Lalani v. Perryman*, 105 F.3d 334, 336 (7th Cir.1997).

Although *Lalani* stated that § 1252(g) applies retroactively, it did not address the implications of that finding. The problem with applying § 1252(g) to cases pending on the effective date of the IIRIRA, April 1, 1997, is that none of the other provisions under § 1252 are applicable to pending cases. *See Lalani,* 105 F.3d at 336 (interpreting IIRIRA § 306(c)(1), as amended by technical corrections on October 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656; IIRIRA § 309). If I read § 1252(g) to apply to pending cases, there is no judicial review procedure available for any exclusion, deportation, or removal proceeding pending on April 1, 1997. *See Marriott v. Ingham,* 990 F.Supp. 209, 211 (W.D.N.Y.1998) (recognizing "this statutory Gordian knot"). Since all versions of the INA have contemplated some form of judicial review for certain proceedings, including the IIRIRA amendments, § 1252(g) cannot be read to apply to cases pending on April 1, 1997.

The Seventh Circuit has implicitly reached the same conclusion in *Turkhan v. INS,* 123 F.3d 487 (7th Cir.1997). It found that § 309 of the IIRIRA makes the new judicial review provisions codified in 8 U.S.C. § 1252 inapplicable to aliens who are in deportation proceedings as of April 1, 1997. *Turkhan,* 123 F.3d at 489. "Section 309(c)(1)(B) states that for such aliens, 'the proceedings (including judicial review thereof) shall continue to be conducted without regard to' [IIRIRA] amendments ...." *Id.* (quoting IIRIRA § 309(c)(1)(B)). The court noted that there was one exception to that general rule. *Id.* Section 309(c) of the [IIRIRA] establishes several transitional rules that *do* apply to aliens in deportation proceedings on April 1. In particular, § 309(c)(4)(G) of the [IIRIRA] specifies that for final orders of deportation entered on or after October 31, 1996, "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in ... section 241(a)(2)(A)(iii), (B), (C), or (D)" of the INA (as amended by the AEDPA). *Id.* The court then applied § 309(c)(4)(g) to the case instead of § 1252(g) even though the alien was in deportation proceedings on April 1, 1997. *Id.; see also Laguerre v. Reno,* No. 97 C 8225, 1998 WL 100238, at *5–6 (N.D.Ill. Feb. 17, 1998) (agreeing that § 1252(g) does not apply to deportation proceedings commenced before April 1, 1997).

■ Mr. Musto was in deportation proceedings on April 1, 1997. The final order of deportation was entered after October 31, 1996 when the BIA dismissed his appeal on August 27, 1997. Mr. Musto was deportable for having committed a crime covered in §§ 241(a)(2)(A)(iii), (B), (C), or (D). Thus, judicial review of Mr. Musto's deportation is governed both by the AEDPA amendments and § 309(c). *Turkhan,* 123 F.3d at 489.

Although § 309(c) of the IIRIRA precludes appeals by certain criminal aliens of their final orders of deportation under the INA, the Seventh Circuit found that other avenues of relief remained open to hear constitutional claims. *Id.* at 490. This includes the possibility of a writ of habeas corpus under 28 U.S.C. § 2241; the All Writs Act, 28 U.S.C. § 1651; or the Suspension Clause of the Constitution, U.S. Const. art. I, § 9, cl. 2. *Id.* Since Mr. Musto has brought a writ of habeas corpus under 28 U.S.C. § 2241 alleging constitutional violations, this court has jurisdiction to hear his petition.

### Denial of Waiver

Prior to the AEDPA amendments to the INA, Mr. Musto was eligible to apply for a waiver under 8 U.S.C. § 1182(c). § 1182(c), as it has been interpreted, authorized the Attorney General, in her discretion, to grant waivers of deportation to residents lawfully domiciled in the United States for at least seven years. Mr. Musto did apply for a waiver; was denied a waiver by the IJ; and appealed to the BIA.

Subsequently, § 440(d) of the AEDPA amended § 1182(c) and eliminated waivers for an alien who is deportable by reason of having committed any criminal offense covered in 8 U.S.C. §§ 1251(a)(2)(A)(iii), (B), (C), or (D). Mr. Musto falls into this category and thus, the BIA dismissed his appeal of the denial of his waiver on the grounds that he was no longer eligible for a waiver.

Mr. Musto argues that the retroactive application of § 440(d) violates numerous constitutional rights and that § 440(d) as it has been applied violates his right to equal protection. Because I find that § 440(d) as it has been applied violates Mr. Musto's equal protection rights, I do not reach his other constitutional claims.

### A. Equal Protection Violation

In *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976), the Second Circuit analyzed a former version of § 1182(c) which provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ....

*Id.* at 270. The BIA had interpreted the statute to allow a resident alien who was deportable and had departed the country to seek a waiver upon or after his return to the United States, but to deny a deportable resident alien who had never left the country the right to apply for a waiver. *Id.* at 269. The petitioner, who had never left the country and was being deported, claimed that the BIA interpretations violated his right to equal protection. *Id.* He argued that there was no rational reason for the BIA's distinction. *Id.*

The Second Circuit found that aliens are entitled to equal protection but that they are not a suspect class requiring strict judicial scrutiny. *Id.* at 272. Applying the minimal scrutiny test, the court asked whether the distinction between the two classes of aliens was reasonable, not arbitrary, and rests upon some difference having a fair and substantial relation to the purpose of the legislation. *Id.* It found that § 1182(c) was meant to permit worthy returning aliens to continue their relationship with family members in the United States and that this consideration applied equally to resident aliens who had never left the country. *Id.* The court then concluded that the BIA's interpretation of § 1182(c) violated the equal protection clause because the distinction between the two classes of aliens lacked any basis rationally related to a legitimate government purpose. *Id.* at 273. The Seventh Circuit has followed *Francis*. *See Castaneda–Suarez v. INS*, 993 F.2d 142, 143 n. 2 (7th Cir.1993).

[2] Mr. Musto argues that § 440(d), as it has been applied by the INS, similarly violates the equal protection clause. In *In re Fuentes–Campos*, Interim Dec. No. 3318 (BIA May 14, 1997), the BIA interpreted § 440(d) to allow a criminal resident alien to apply for a waiver if he had left the United States and was placed in exclusion proceedings upon re-entry. The BIA, however, stated that a criminal resident alien in deportation proceedings was not eligible for a waiver. It found that the explicit language

of § 440(d) did not preclude waivers for excludable aliens but it did preclude waivers for "deportable" aliens.[1]

Mr. Musto contends that this distinction between excludable and deportable aliens is not rationally related to any legitimate purpose of the statute and violates his equal protection rights. *Francis* persuades me that the distinction the INS makes is unconstitutional. *Accord Jurado–Gutierrez v. Greene,* 977 F.Supp. 1089, 1093 (D.Colo. 1997); *Vargas v. Reno,* 966 F.Supp. 1537, 1547 (S.D.Cal.1997). If "deportable" aliens are ineligible for waivers, similarly situated excludable aliens should also be ineligible.

### B. Remedy

■ This does not end the inquiry. There is still a question as to what remedy, if any, Mr. Musto is entitled to.

The IIRIRA repealed § 1182(c). Two courts have found that this repeal corrects any constitutional problem. *Gutierrez–Martinez v. Reno,* 989 F.Supp. 1205, 1211 (N.D.Ga.1998); *Vargas,* 966 F.Supp. at 1548. They concluded that at most, the petitioner has evidence of a past, but not a present or ongoing constitutional violation. *Id.* Given that Congress clearly intended to make the petitioner ineligible for a waiver and that there is no grave constitutional error or fundamental miscarriage of justice, habeas relief is not warranted. *Id.*

Although I agree that the repeal of § 1182(c) corrects any constitutional problems for cases filed after April 1, 1997, I do not agree that Mr. Musto is not entitled to a remedy. At one time, Mr. Musto was denied equal protection when the BIA dismissed his appeal without deciding the merits of his waiver and yet allowed excludable aliens waivers. Thus, I remand this case to the BIA to review the denial of Mr. Musto's waiver on its merits. *See Jurado–Gutierrez,* 977 F.Supp. at 1095 (allowing petitioner to seek a § 1182(c) waiver).

### Conclusion

For the foregoing reasons, Mr. Musto's petition for habeas corpus is granted. The case is remanded to the BIA to review the denial of his waiver on its merits. The final order of deportation is stayed pending the BIA's review.

---

1. As noted earlier, § 440(d) states that "an alien who is deportable" may not seek a waiver.